UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **HENRY L MACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 18-cv-3256-MMM |
| | ) |
| **JOHN R. BALDWIN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and currently incarcerated at the Illinois River Correctional Center ("IRCC"), asserts a § 1983 action alleging inhumane conditions of confinement, deliberate indifference and retaliation at the Western Correctional Center ("Western") and retaliation at IRCC. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has filed a lengthy complaint with an additional 20 pages of exhibits. The exhibits are, for the most part, multiple grievances which were not reviewed in the drafting of this order. *See Fitzgerald v. Dep't of Corr.*, 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26,

1

2007) (declining to review grievances attached as exhibits to the complaint as, "none… are necessary to the complaint.")

On March 12, 2013, Plaintiff arrived at Western and was placed in cell #12 on C Wing. Plaintiff claims that the toilet in this cell would back up, with solid waste entering his toilet when his neighbor flushed his. On an unspecified date, Plaintiff complained to an unidentified gallery officer and was told there was nothing to be done about it.

Plaintiff pleads that from March 2013 to March 2017, he was housed in various lower gallery cells due to an unidentified medical condition. Plaintiff alleges that every cell had sewage problems with sewage backing up from the neighboring toilet. Plaintiff claims that if he did not flush his toilet immediately after his neighbor flushed, his toilet would overflow. Plaintiff claims that, at times, he would sit on the toilet and have overflow from his neighbor's toilet touch his skin. He claims, particularly, that on December 4, 2016, he experienced "full contact with feces from another person" while sitting on the toilet. Plaintiff also complains that correctional officers did not provide adequate disinfectant solvents and that he often used his own purchased soap and shampoo to clean the overflow from his cell.

Plaintiff has named John Baldwin, the Director of the Illinois Department of Corrections ("IDOC"), Warden Korte, Assistant Warden Watson and Assistant Warden Ervin. Plaintiff claims that the plumbing problems were "common knowledge" throughout the facility and that "all defendants" knew of these conditions through his grievance writing. He does not, however, plead that he personally discussed this issue with any Defendant or that any Defendant was aware that feces would back up onto his skin.

Plaintiff claims to have been told by individuals not otherwise identified, that the problem had been fixed. He disputes this, however, claiming that he has spoken with a maintenance

worker who told him the sewer problem is caused by a design flaw which can only be remedied by replacing all of the pipes.

Plaintiff claims that he worked as a porter at Western and, every six months, would be assigned to a different gallery. He alleges, however, that after he grieved the December 4, 2016 incident, his work assignment ended and he was not given a new assignment. Plaintiff claims that he was effectively fired. He believes that "Internal Affairs Administrators" were liable for the retaliatory firing but does not identify them by name, or claim that any of the named Defendants participated in the retaliation. The retaliation claim is dismissed, though Plaintiff will be given an opportunity to replead to identify those whom he believes responsible.

Plaintiff alleges, further, that on an unidentified date, he was transported to the Dekalb County Courthouse on a writ. While driving, the correctional officers slammed on the brakes, causing Plaintiff to injure his shoulder and knees. Plaintiff claims that on three subsequent occasions Nurse Practitioner Smith denied him treatment for his knee injury. Plaintiff does not, however, identify the condition which needed treatment, merely referring the Court to one of the numerous grievances attached to his complaint. It is not the Court's responsibility, however, to view these attachments to determine Plaintiff's claim. Furthermore, to the extent that he raises an apparently unrelated deliberate indifference claim against Nurse Practitioner Smith, the claim is dismissed for misjoinder. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits."

Plaintiff alleges another unrelated claim which occurred at IRCC, after his transfer from Western. While at IRCC, Plaintiff requested a job assignment and was told that he would have to submit a "vote sheet." Plaintiff claims that he made multiple, unanswered requests for the vote sheet for a full year. He asserts that the vote sheet was withheld in in retaliation for his

3

complaints and grievance writing. This claim, however, occurred at a different time and place, and involves defendants other than the Western Defendants. A plaintiff may not join various defendants in one suit unless the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). *See also*, *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008) ("defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law.") The IRCC claim is dismissed for misjoinder. If Plaintiff wishes to proceed with this claim he must file it as a separate suit with responsibility for the additional filing fee.

While Plaintiff asserts his conditions of confinement claim against Defendant Director Baldwin, merely directing grievances to an individual is not enough to render that individual liable for a constitutional violation. "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See Jones v. Butler,* No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted)). Defendant Baldwin is DISMISSED.

While Plaintiff does not specifically plead any interactions with Defendant Warden Korte in which he informed the Warden of the plumbing issue or that feces would rise in the toilet making contact with his skin, it appears clear that the plumbing issues were well known. As the facility Warden, Defendant Korte presumably had the authority to address the issue.

Additionally, Plaintiff has requested injunctive relief and Defendant Korte appears to be the individual empowered to provide such relief, if ordered. Defendant Korte shall remain. Plaintiff, however, fails to plead that Assistant Wardens Watson and Ervin had the authority to correct the plumbing issues and they are DISMISSED.

It is further noted that Plaintiff's conditions of confinement claims from 2014 are likely outside the applicable statute of limitations. This is so, as Plaintiff did not file his complaint until October 11, 2018, approximately four years after some of the alleged incidents. *See Woods v. Illinois Dept. of Children and Family Services*, 710 F.3d 762, 766 (7th Cir. 2013) (applying Illinois two-year personal injury statute of limitations applied in § 1983 claims); 735 Ill. Comp. Stat. 5/13-202. The statute of limitations will be tolled, however, while the plaintiff seeks to exhaust his administrative remedies. *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). The issue of the statute of limitations bar to the 2014 claims will be determined at a later date, upon a more fully developed record.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the conditions of confinement claim against Defendant Korte. Plaintiff's retaliation claim is DISMISSED with leave to replead within 30 days. If Plaintiff files an amended complaint, it is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. The deliberate indifference claim against Nurse Practitioner Smith and the retaliation claim arising at IRCC are DISMISSED for misjoinder, without prejudice to Plaintiff asserting these in separate actions. Defendants Baldwin, Watson and Ervin are DISMISSED.

2. Plaintiff files [6], a Motion to Consolidate this case with two others involving similar claims. Plaintiff asserts, however, that in each of the cases there have been rulings on

5

summary judgment. "[T]he party seeking consolidation must show that consolidation would promote trial convenience and economy in administration due to factors other than mere commonality of legal and factual issues." *Fleishman v. Prudential Bache Sec., Inc.*, 103 F.R.D. 623, 624-25 (E.D. Wis. 1984). In determining this issue, the Court must consider whether consolidation would result in prejudice to a party. *Back v. Bayh,* 933 F. Supp. 738, 748 (N.D. Ind. 1996). The cases Plaintiff cites are clearly at a more advanced stage and Plaintiff fails to support that consolidating the proceedings at this point would promote trial convenience or administrative economy. [6] is DENIED.

3. Plaintiff files [7] a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [7] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

\_\_4/10/2019_____  _____s/Michael M. Mihm_____
ENTERED  MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE